UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x

UNITED STATES OF AMERICA :

       -v- :    **FELONY INFORMATION**

MICHAEL GRANDINETTI, :

       Defendant. :    07 CRIM. 32

------------------------------- x

JUDGE GRIESA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 11 2007

**COUNT ONE**
(False Statements)

The United States Attorney charges:

**Background**

1. At all times relevant to this Information, MICHAEL GRANDINETTI, the defendant, was a citizen of the United States and a resident of Saipan, which is part of the Commonwealth of the Northern Mariana Islands ("CNMI"). Prior to the events relevant to this Information, MICHAEL GRANDINETTI was a certified public accountant and a former partner at one of the world's largest accounting firms.

2. Although generally governed by United States law, CNMI has its own tax authority and code, the provisions of which generally mirror those contained in the Internal Revenue Code.

3. Between at least 1994 and the present, MICHAEL GRANDINETTI, the defendant, was a senior executive officer of the United Micronesia Development Association ("UMDA"), a corporate entity based on Saipan, which was and is engaged in the purchase,

operation, and sale of various assets, including cable television systems that serve subscribers located in the U.S. Territory of Guam and the CNMI. UMDA has also invested in, owned, and managed a portfolio of companies operating in the tourism, telecommunications, and airline industries. Between 1994 and the present, GRANDINETTI has served in various positions at UMDA, including President, Chief Executive Officer, Chief Operating Officer, and Chairman of the Board of Directors.

### UMDA's Tax Shelter Transactions And The Agreement To Split Secret Fees

4. As a result of UMDA's investment activities and ownership of various entities, UMDA received, or stood to receive, millions of dollars of income during, among other periods, the 1996 and 1997 tax years. Upon learning of UMDA's receipt, or impending receipt, of that income, certain tax shelter promoters located in the United States spoke with MICHAEL GRANDINETTI, the defendant, and suggested that UMDA engage in tax shelter transactions in order to have UMDA avoid having to pay millions of dollars of Saipan corporate income taxes that would otherwise have been due as a result of UMDA's receipt of the aforementioned income. As part of his discussions with certain of the tax shelter promoters (the "Promoters"), including, among others, one based in Denver, Colorado, who was then a partner at a major international accounting firm, and another based in or around Los Angeles, California, MICHAEL GRANDINETTI, the defendant, agreed to share with the Promoters certain of the fees that would be generated by the Promoters and others as a result of UMDA's decision to engage in the aforementioned tax shelter transactions.

2

Consequently, as a result of UMDA's participation in tax shelter transactions during, among other periods, the 1996 and 1997 tax years, millions of dollars of fees were generated by the Promoters, which fees were divided among the Promoters and shared with, among others, the defendant MICHAEL GRANDINETTI.

### The False Statements

5. On or about March 21, 2006, a Guam-based Special Agent from the Criminal Investigation division of the Internal Revenue Service ("IRS") served a grand jury subpoena on MICHAEL GRANDINETTI at UMDA's headquarters in Saipan. Upon being served with the subpoena, GRANDINETTI was informed by the IRS Agent serving the subpoena that an Assistant United States Attorney ("AUSA") and an IRS Special Agent, both based and located at that moment in New York, New York, wished to conduct a telephonic interview of GRANDINETTI, a request to which GRANDINETTI consented. During his ensuing telephonic interview with the AUSA and the New York-based IRS Agent, MICHAEL GRANDINETTI answered certain questions about his involvement with the Promoters and the fee-splitting arrangement described above. Although he admitted receiving, and sharing with one of the Promoters, fees generated from certain UMDA tax shelter transactions, MICHAEL GRANDINETTI falsely told the AUSA and New York-based IRS Agent that he had disclosed to the UMDA Board of Directors, of which he was a member at the time of his receipt of the fees, that he had received fees stemming from two specific UMDA tax shelter transactions.

## Statutory Allegations

6. On or about March 21, 2006, in the Southern District of New York and the District of the Northern Mariana Islands, MICHAEL GRANDINETTI, the defendant, in a matter within the jurisdiction of the executive branch of the United States, to wit, the United States Department of Justice and the Internal Revenue Service of the United States Department of Treasury, unlawfully, wilfully, and knowingly did make materially false statements and representations, to wit, MICHAEL GRANDINETTI, the defendant, stated and represented to an AUSA and an Agent of the IRS that he had disclosed to the Board of Directors of UMDA the fact that he had received from the Promoters fees stemming from two specific UMDA tax shelter transactions, whereas, in truth and fact, as MICHAEL GRANDINETTI then and there well knew and believed, he had failed to disclose his receipt of those fees to the UMDA Board.

(Title 18, United States Code, Section 1001.)

*[signature]*
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

MICHAEL GRANDINETTI,

Defendant.

**INFORMATION**
07 Cr.

MICHAEL J. GARCIA
United States Attorney for USA
(212) 637-1585/(914) 993-1961

1/11/07
D Deft pres w/ atty Larry Krantz; gov't by Stanley Okula, Jr. Deft waives prosecution by indictment and consents to proceed by this information. Deft is arraigned on this instrument and enters a plea of guilty as charged. Pre-sentence investigation ordered. Sentence date set for 1/8/08 @ 4:30. Deft's oral application for a $10,000 PRB, no PTS and unrestricted travel is granted in open court. Deft refunded to Magistrate's court.

Briccetti J.