D8TEGRAS

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

          v.                           07 CR 32(TPG)

MICHAEL GRANDINETTI,

               Defendant.

------------------------------x
                                       August 29, 2013
                                       3:39 p.m.

Before:

               HON. THOMAS P. GRIESA,

                                       District Judge


                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  STANLEY J. OKULA
     Assistant United States Attorney

LARRY KRANTZ
     Attorney for Defendant
```

D8TEGRAS

1           (In open court)

2           THE DEPUTY CLERK:  United States of America versus
3    Michael Grandinetti.  Is the government ready?

4           MR. OKULA:  We are.  Stanley Okula for the United
5    States.  Good afternoon, your Honor.

6           THE DEPUTY CLERK:  Defendant present and ready to be
7    sentenced?

8           MR. KRANTZ:  Yes, your Honor.  Good afternoon.  Larry
9    Krantz for the defendant, Michael Grandinetti.  Nice to see
10   you, Judge.

11          THE COURT:  You went over the presentence report with
12   your client?

13          MR. KRANTZ:  I have, Judge.

14          THE COURT:  Any objections?

15          MR. KRANTZ:  No objections.

16          THE COURT:  What would you like to add?

17          MR. KRANTZ:  Your Honor, I think the government is
18   going to be making a motion under 5K1.

19          THE COURT:  Is there a motion?

20          MR. OKULA:  There is indeed, your Honor.

21          We filed papers with the Court, and I will follow up
22   by making a formal motion pursuant to Rule 5K1.1.  As set forth
23   fairly extensively in our letter, your Honor, plainly and
24   simply, the defendant provided substantial, significant, timely
25   and, using a colloquial word, terrific cooperation as set forth

1     in our letter, if you have any questions about the nature or
2     scope of it that led to the convictions of others.  And that's
3     why we were rhapsodizing, if you will, in the letter that we
4     filed.
5              THE COURT:  All right.  Motion granted.
6              Go ahead.
7              MR. KRANTZ:  Thank you, your Honor.  I'll briefly
8     summarize the key points that we think are relevant to
9     sentencing.
10             As you know from our submission, we respectfully
11    request a sentence of time served.  And I will briefly
12    summarize why we think that's appropriate.
13             First of all, your Honor, I stand here in the enviable
14    position today as a defense lawyer of having a defendant with a
15    guideline calculation that is remarkably low, even before the
16    cooperation is considered.  He is a total offense level of 4,
17    which is quite rare in this district altogether, with -- of
18    course, that's in zone A, with a zero-to-six recommended length
19    of incarceration.  So even were there no cooperation here, he
20    would be an appropriate candidate for no incarceration at all.
21             But if you add to that layer the extraordinarily
22    positive cooperation letter that you've gotten from the
23    government, I think that that cements any question as to
24    whether there's a need for incarceration.  I note that our
25    request for time served is not opposed by the government.  It

1  takes no position on our request.  The probation department is
2  not seeking incarceration either.  And there are multiple other
3  factors that we think also support a sentence of time served.
4  	The cooperation has been laid out by the government,
5  but it has lasted years and years.  He gave the government the
6  full truth at every turn.  And he did something that was quite
7  extraordinary, which is that he obtained the cooperation of
8  another individual who resided in the Philippines by the name
9  of Jaime Ramiro-Solis, who agreed at Mr. Grandinetti's request
10 and at his expense, because he paid his legal fees, to
11 cooperate with the government from the Philippines, which is a
12 pretty extraordinary accomplishment.  And I think he deserves
13 additional credit for having accomplished that.
14 	The third factor, in addition to the guideline range
15 and the cooperation, I would call to the Court's attention are
16 that he has already suffered enormously by virtue of this
17 prosecution.  As the Court knows, he pled guilty six years ago
18 before your Honor.  As a result of that guilty plea, he had
19 been the chief executive officer of this entity in Saipan
20 called United Micronesia Development corporation, generally
21 referred to as UMDA.  As a result of his guilty plea here, he
22 was terminated from UMDA as CEO.  He lost his employment.  He
23 was sued by UMDA and, frankly, was financially devastated by
24 virtue of that civil lawsuit.
25 	He was significantly embarrassed in a very small

1  Saipan community.  He had been a leading figure in that
2  community as the CEO of a major corporation there.  He would
3  speak at commencement events and the like, and he was cast
4  suddenly in the light of a convicted felon.  It was splashed
5  all over the newspaper and, frankly, for both he and his -- led
6  to great embarrassment and humiliation.
7              What he had to do as a result of that was relocate his
8  family to the Philippines, which is where he lives today with
9  his wife and his children.  He has managed to rebuild his life
10 to some degree.  He was unemployed for three years as a result
11 of this case, but he now has a job.  He makes about $75,000 a
12 year, which is a far cry from what he made as the CEO of UMDA.
13 So it has not been an easy road for him, but in the six years
14 since his plea, he has rebuilt his life.  He is leading a
15 productive and loving life with his family in the Philippines.
16             We've also submitted to the Court an abundance of
17 letters, as I'm sure your Honor has seen, about
18 Mr. Grandinetti's character.  I've known him for six or seven
19 years now, and I can candidly tell the Court that he is one of
20 the kindest and most decent people that I've represented.  And
21 I think the letters really spell out his kindness and his
22 generosity to family, friends, etc.
23             One more factor I'll just tick off briefly that's not
24 in our letter is that a sentence of time served would be
25 consistent with what other cooperators have gotten in related

1  tax shelter cases.  Two defendants were sentenced by Judge
2  Stein, who were cooperating witnesses with much higher
3  sentencing guideline ranges, they both got probation.  Two
4  cooperating defendants were sentenced by Judge Kaplan, also who
5  had much higher guideline ranges, they both got cooperation
6  (sic).  There was an additional defendant sentenced in the
7  district of Utah who cooperated in a similar type of tax
8  shelter investigation.  Also received a sentence of probation.
9         So for all of those reasons, your Honor, we think that
10 he's a fair and appropriate candidate for sentence of time
11 served.  We ask your Honor to take all that into account.  We
12 believe it's not an appropriate case for a fine, in light of
13 the financial consequences that have already befallen him.
14         And finally, restitution is not an issue in this case
15 because there is no loss that was attributable to the false
16 statement to the government.  So there's no issue as to
17 restitution.
18         And one last point I do want to make, the reason we're
19 asking for time served as opposed to probation is twofold.
20 First of all, he's been unsupervised for six years without any
21 incident.  So we don't think there's any necessity for
22 supervision.
23         And second of all, as a person who lives in the
24 Philippines with his family, as a practical matter, I don't
25 think he could be really supervised by the United States

1   probation department in a meaningful way anyway.

2   So for all those reasons, respectfully, your Honor, we
3   would ask for a sentence of time served.  And I appreciate your
4   taking the time to listen.

5   THE COURT:  Well, now I take it what you're really
6   saying is there's time served but no supervised release time,
7   right?

8   MR. KRANTZ:  That's correct, your Honor.

9   THE COURT:  Mr. Grandinetti, would you like to make
10  any statement?

11  THE DEFENDANT:  It's been -- I'm really sorry for what
12  I did to my family, my friends.  It haunts me every day when I
13  look at my kids.  And, your Honor, I'm sorry.  I just want to
14  go home to my family.

15  THE COURT:  Well, this has been hanging over you for a
16  long time.  And I'm imposing a sentence of time served and no
17  supervised release.  $100 special assessment.

18  And I hope that you can consider this over with.  It's
19  heartening that you are rebuilding a life in the Philippines,
20  and so this should put an end to it.  Sentence is time served
21  and that's it.

22  I take it there's no issue about an appeal or a
23  motion, right?

24  MR. KRANTZ:  No, your Honor.

25  THE COURT:  All right.  Thank you very much.

D8TEGRAS

1         MR. OKULA:  Thank you, your Honor.
2         MR. KRANTZ:  Thank you very much, your Honor.  We
3 appreciate it.
4         (Adjourned)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25